# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DAVID NICHOLAS and KATHERINE A. )
NICHOLAS, individuals, )
                                       Plaintiffs, )
vs. )    Case No. CIV-09-10-M
OKLAHOMA FARM BUREAU MUTUAL )
INSURANCE COMPANY, an Oklahoma )
Corporation, )
                                       Defendant. )

## ORDER

This case is scheduled for trial on the Court's May 2010 trial docket.

Before the Court is defendant's Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment, filed November 2, 2009. On November 20, 2009, plaintiffs filed their response, and on December 1, 2009, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

This action arises out of a dispute over the entitlement to homeowners insurance proceeds. Plaintiffs bring this action against defendant for policy benefits, bad faith, and punitive damages arising from a loss which occurred on approximately July 2, 2007, when water leaked into the house from the roof as a result of wind and hail damage. Plaintiffs made a claim for damages to personal property in the structure and for additional living expenses. Defendant paid a portion of plaintiffs' claim. Defendant now moves for summary judgment in its favor.[1]

---

[1] In its motion for summary judgment, defendant asserts that plaintiffs do not have standing to bring this action against defendant and asserts that it does not owe plaintiffs policy benefits. However, in its reply, defendant acknowledges that the affidavit submitted by David Nicholas

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

   A.   Bad Faith Claim

"An insurer has an implied-in-law duty to act in good faith and deal fairly with the insured to ensure that the policy benefits are received." *Newport v. USAA*, 11 P.3d 190, 195 (Okla. 2000) (internal quotations and citation omitted). "The essence of a bad-faith action is the insurer's

---

stating that he was a named insured on the policy creates a question of fact regarding standing which may not be resolved on summary judgment and that Dana Hunsinger's affidavit creates a question of fact regarding coverage under the policy by stating that defendant's adjuster Kristen Thomas advised her that everything would be covered. Accordingly, the Court will not address the issues of standing or whether defendant owes plaintiffs policy benefits.

unreasonable, bad-faith conduct . . . ." *Id.* (internal quotations and citation omitted). In *Christian v. Am. Home Assurance Co.*, 577 P.2d 899, 904-05 (Okla. 1977), the Oklahoma Supreme Court held:

> that an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort for which consequential and, in a proper case, punitive, damages may be sought. We do not hold that an insurer who resists and litigates a claim made by its insured does so at its peril that if it loses the suit or suffers a judgment against it for a larger amount than it had offered in payment, it will be held to have breached its duty to act fairly and in good faith and thus be liable in tort.
>
> We recognize that there can be disagreements between insurer and insured on a variety of matters such as insurable interest, extent of coverage, cause of loss, amount of loss, or breach of policy conditions. Resort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit. Rather, tort liability may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.

Further,

> [a]n insurer is entitled to have any dispute concerning the reasonableness of its actions settled by a jury. [I]f there is conflicting evidence from which different inferences may be drawn regarding the reasonableness of insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a consideration of the circumstances in each case.

*Newport*, 11 P.3d at 195 (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds that plaintiffs have submitted sufficient evidence to create a genuine issue of material fact as to the reasonableness of defendant's actions in handling the claim. Specifically, plaintiffs have presented evidence that defendant assured them that everything was a covered loss under the policy and would be taken care of, instructed plaintiffs to throw away their damaged property, promising that it would be paid for with policy proceeds, and made initial payments under the policy but that months later,

defendant began to dispute coverage and stopped payment on the checks it had delivered to plaintiffs, removing thousands of dollars from plaintiffs' bank accounts. Therefore, the Court finds that defendant is not entitled to summary judgment on plaintiffs' bad faith claim.

B.  Punitive Damages Claim

"The availability of a punitive damage award in a bad faith case is not automatic, but rather is governed by the standard applicable in other tort cases. The plaintiff must show that the defendant acted with oppression, malice, fraud or gross negligence or wantonness." *Buzzard v. Farmers Ins. Co., Inc.*, 824 P.2d 1105, 1115 (Okla. 1991). Having carefully reviewed the parties' submissions, the Court finds that plaintiffs have set forth sufficient evidence to create a genuine issue of material fact as to whether defendant's actions were wanton and reckless. As set forth above, plaintiffs have submitted evidence that defendant initially granted coverage, acted accordingly, and then, months later, started denying coverage and stopped payments on checks for insurance proceeds they had disbursed months earlier. The Court, therefore, finds that defendant is not entitled to summary judgment on plaintiffs' punitive damages claim.

IV.  Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment [docket no. 20].

**IT IS SO ORDERED this 3rd day of February, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE