IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID NICHOLAS and<br>KATHERINE A. NICHOLAS, individuals<br><br>       Plaintiffs,<br><br>vs.<br><br>OKLAHOMA FARM BUREAU MUTUAL<br>INSURANCE COMPANY, an Oklahoma<br>Corporation,<br><br>       Defendant. | Case No.: 09-cv-00010-M |

### *DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO QUASH SUBPOENA DUCES TECUM AND FOR PROTECTIVE ORDER*

Defendant, Oklahoma Farm Bureau Mutual Insurance Company (Farm Bureau), responds to Plaintiffs' Motion to Quash Subpoena Duces Tecum and for Protective Order. In support of its Response, Farm Bureau would direct the Court to the following:

**INTRODUCTION**

This litigation arises from a claim under a homeowners insurance policy issued to Ted and Linda Orner, the owners of a house located at 1502 Vinita Street in Enid, Oklahoma. The Plaintiffs, David and Katherine Nicholas, sold the house to the Orners in April of 2003. Under an arrangement which was not known to Farm Bureau, the Plaintiffs, who had moved to Green Mountain Falls, Colorado, left the house full of personal property in anticipation of buying it back from the Orners a year later. The Plaintiffs were unable to buy the property back. The house sat unoccupied for four years with the exception of occasional visits by the Plaintiffs.

On September 17, 2007, a wind/hail loss was reported to Farm Bureau. Farm Bureau responded the next day and promptly began to adjust the loss. When the adjuster inspected the property on September 18, 2007, she found that a section of flat roof at the north end of the house was leaking and dripping water onto items of personal property in one bedroom closet, a bed, and carpet. She also found that the house was warm and humid and that the heating and air conditioning system was not operating. Within a week the adjuster issued payments for the roof ($8,341.10), the carpet ($15,861.44), and all of the personal property which had water damage ($43,200.25). Farm Bureau also issued payment for additional living expense ($16,000.00), as they were told the Plaintiffs had been living in the house.

The Plaintiffs disposed of the personal property for which payment had been made and advised they wanted to pursue a claim for additional personal property which was not water damaged, but was damaged by mold and mildew. Farm Bureau advised the Plaintiffs that damage from mold and mildew was excluded under the policy regardless of the cause of loss. On November 2, 2007, Farm Bureau requested that the Plaintiff submit a formal Proof of Loss statement. On March 17, 2008, Plaintiffs submitted a Proof of Loss for additional personal property in the amount of approximately $32,000. On May 9, 2008, Plaintiffs supplemented their claim for damage to personal property for an amount totaling $138,000.00. Farm Bureau completed its investigation and made an additional payment for items of personal property which may have been water damaged, but denied coverage for personal property which was damaged as a result of mold and mildew.

The Plaintiffs built the subject property in the 1960's. Evidence indicates that the Plaintiffs moved to Colorado in 1998 and have returned to Enid on an infrequent basis. Over the past 12 years, the Plaintiffs have experienced financial difficulty following the loss of Plaintiffs' businesses and a judgment against David Nicholas by the State of Oklahoma for

Six Million, Ninety-Nine Thousand, One Hundred Ninety Two and 04/100s Dollars ($6,099,192.04).

Farm Bureau has issued subpoenas to non-parties who may have evidence relating to services performed at the house, other insurance claims, and Plaintiffs' claim for damages allegedly resulting from Farm Bureau's conduct in the handling of the claim. Plaintiffs have filed a Motion to Quash these subpoenas on grounds of relevance and a violation of Plaintiffs' privacy. As set forth below, Farm Bureau is entitled to discover this information as it is relevant to issues involving coverage of Plaintiffs' loss and Plaintiffs' damages.

## ARGUMENTS AND AUTHORITIES

**1.   Evidence Relating to Coverage of Plaintiffs's Loss - Mold and Mildew**

The insurance policy at issue does not provide coverage for loss due to mold and/or mildew. Farm Bureau seeks information that is relevant as to whether Plaintiffs' loss was caused by mold and/or mildew and as to whether such mold and/or mildew was present in the house prior to July 2007. To this end, Farm Bureau seeks discovery related to services performed at the house which may lead to discovery of admissible evidence regarding maintenance and condition of the house and the systems which affect climate control, together with the Plaintiffs' lack of interest or inability to maintain the house as an absentee.

A.   Subpoena to Weather Barrier Roofing

David Nicolas testified that a new roof was put on the house in 1998 or 1999. Weather Barrier Roofing has been identified as a roofer which has worked on the house. The Defendant seeks evidence as to any repair, maintenance, or observations of the condition of the roof since 1998.

      B.      <u>Subpoena to Mel & Friends, Inc.</u>

Mel & Friends, Inc., is a carpet company which had employees at the Enid house prior to Plaintiffs' claimed loss and may have information on the condition of the house prior to the loss.

      C.      <u>Subpoena to Miles Music</u>

Miles Music provided the Plaintiff with an estimate for damage to a grand piano as the result of moisture in the home. Farm Bureau is seeking to obtain a complete copy of all records which Miles Music has relating to the grand piano.

      D.      <u>Subpoena to Luckinbill, Inc.</u>

Luckinbill has been identified as a heating and air conditioning service which has worked on the house in the past. At the time of Farm Bureau's first inspection of the house in September of 2007, central heating and air conditioning units were not working. At least one of the units was found to have a red tag from Oklahoma Natural Gas prohibiting use of the heating unit due to its condition. The tag is dated in 2002. Records from Luckinbill will provide evidence as to when services were performed on heating units and the condition they were in at the time of service.

      E.      <u>Subpoenas to Emerick's Van and Storage and King Transfer and Storage</u>

Plaintiffs' testimony about when they moved to Colorado and ceased regular occupancy of the house has been vague and ambiguous. Discovery has revealed that Emericks and King have moved property to or from the house in the past. Their records may provide evidence as to when property was moved and the condition of the interior of the house at the time it was moved.

  F. <u>Subpoena to Butch Vickers</u>

Butch Vickers owns a pool company and was at the Enid home prior to the Plaintiffs' claimed loss. Plaintiffs were cited by the City of Enid for failure to maintain. Vickers may have information on the condition of the house prior to the claimed loss.

  G. <u>Subpoena to Chubb & Son Insurance Company</u>

Mr. Nicholas testified that his homeowners insurance carrier for the Enid house was Chubb & Son Insurance and that it paid to replace the roof of the Enid house in 1998 or 1999. Farm Bureau seeks records from Chubb to confirm that the roof was installed in 1998 or 1999 and to evaluate evidence relating to the roof maintenance issues.

Plaintiffs acknowledge that information from the above vendors and contractors is relevant and discoverable, but only with regard to services or work performed after the date of loss, July 2, 2007. As set forth above, the information is relevant to establish whether or not the damages claimed by Plaintiffs were a result of mold and whether such mold damage existed prior to Plaintiffs' alleged water loss in July of 2007. It is quite possible that Plaintiffs' claimed mold damage is not the result of a water loss in July 2007, but rather the result of years of neglect and property maintenance. The information Farm Bureau seeks bears directly on whether Farm Bureau owes Plaintiffs additional benefits under the policy and whether Farm Bureau breached its duty of good faith and fair dealing.

**2.** **Evidence Relating to Other Insurance Coverage**

Mr. Nicholas has testified that State Farm Fire & Casualty Company has had the homeowners policy on his home in Colorado for a number of years. State Farm Fire & Casualty Company's homeowners policy typically includes coverage for personal property

owned by an insured for damage, even if it was not located at the residence premises at the time of the loss. Accordingly, there was potential coverage for personal property at the Enid home under the State Farm policy. Nicholas has denied that he made a claim to State Farm for loss of the property that he has sought reimbursement for from Farm Bureau. Farm Bureau has subpoenaed State Farm Fire & Casualty Company seeking records that would either verify or refute Nicholas' testimony.

Plaintiffs argue that Farm Bureau should be able to get the requested information from an ISO Claims Search and not directly from State Farm. While vendors do provide some information on insurance claims, Farm Bureau is entitled to discover directly from State Farm whether or not Plaintiffs made a duplicate claim for loss of property. The best source of this information is from the Plaintiffs' insurance company, not some third party vendor.

**3.      Evidence Relating to Plaintiffs' Damages**

Ted and Linda Orner purchased a Farm Bureau homeowners policy at the time they purchased the house in 2003. From the date of purchase until the date of the loss, the Orners were the only named insureds under the policy. Shortly after the claim was reported to Farm Bureau on September 17, 2007, the policy was amended to add David Nicholas and Katherine Nicholas as insureds.

On September 27, 2007, Farm Bureau issued a check payable to Ted Orner, Linda Orner, David Nicholas, Katherine Nicholas and a mortgagee, More Equity, in the amount of $15,861.44. On October 10, 2007, Farm Bureau issued a check to Ted Orner, Linda Orner, David Nicholas, and Katherine Nicholas in the amount of $16,000.00. On March 10, 2008, Ted Orner contacted Farm Bureau and advised that he had never received funds from those two checks and requested copies of the front and back of the two checks. Copies of the

checks revealed that they had not been endorsed by Linda Orner or More Equity, but had been deposited into David Nicholas' account at JP Morgan Chase Bank. Farm Bureau advised its bank of the improper endorsements which then pulled the funds from the Nicholas' Chase account. Farm Bureau re-issued the two checks payable to the same payees and delivered the checks to the Orners.

David Nicholas testified in his deposition that as a result of Farm Bureau's actions, thirty to forty checks written on the Chase account bounced and that as of January 12, 2010, he had not made arrangements with either his creditors or Chase to cover the checks. He further testified that as a result of Farm Bureau's actions he has lost his relationship with Chase Bank and lost his ability to "send checks to people."

Farm Bureau seeks to obtain the Nicholas' monthly bank statements from JP Morgan Chase and Legacy Bank to confirm the truth of Nicholas' testimony and to ascertain the extent of Plaintiffs' damages, if any, as a result of the withdrawal of the two claim payments.

Additionally, during his deposition, Mr. Nicholas testified that as a result of Farm Bureau's action in stopping payment on the two claim checks, his mortgage payments on his Colorado home to GMAC Mortgage bounced and that he is now two years behind on his mortgage payments because he has not had the funds to make the payments. Nicholas further testified that he could not remember if he was current on his mortgage payments at the time of the loss. Farm Bureau seeks to obtain records pertaining to the history of the Nicholas' payments to GMAC to see if they comport with Nicholas' testimony and to ascertain what damages, if any, may have resulted from the bounced checks.

Farm Bureau acknowledges that Plaintiffs have a privacy interest in their personal financial records, but that does not preclude the discovery of relevant financial information. As set forth in *Fullbright v. State Farm Mutual Automobile Ins. Co,* 2010 WL 455179, *2

(W.D. Okla. 2010), a case cited by Plaintiffs in their Motion, "the fact that bank records have been considered private does not preclude their disclosure in response to a properly issued subpoena." In *Fullbright*, the plaintiffs sued the defendant insurance company for breach of contract and bad faith in connection an automobile accident. The plaintiffs claimed lost wages. The defendant issued a subpoena for the plaintiff's bank records. The court allowed the discovery for bank records and held that "[b]ecause Plaintiffs have placed at issue the amount of income or wages allegedly lost by [plaintiff], discovery designed to obtain evidence of that amount is relevant to the damages claimed in this case." *Fullbright*, 2010 Westlaw at *2.1

In the instant matter, the Plaintiffs have placed their financial condition at issue. Their bank and mortgage records are relevant to the issue of Plaintiffs' damages and to verify or refute their damage claims.

## **CONCLUSION**

Fed. R. Civ. P. 26 (b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(b)(1) further provides that "the court may order discovery of any matter relevant to the subject matter involved in the action." Rule 26(b)(1) states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

In the instant matter, Farm Bureau is seeking the discovery of matter relevant to the subject matter involved in this action. Farm Bureau is seeking discovery of material which is relevant to whether coverage exists under the insurance policy for Plaintiffs' claimed loss. Farm Bureau is further seeking discovery on the issue of Plaintiffs' damages. Plaintiffs have not established any privilege which would preclude the discovery of the information.

Accordingly, the Court should order that the following entities produce the material requested in the subpoenas issued to them: Weather Barrier Roofing; Mel & Friends, Inc.; Miles Music; Luckinbill, Inc.; Emerick's Van & Storage; Butch Vickers; King Transfer and Storage, Inc.; JP Morgan Chase; Legacy Bank; Chubb & Son Insurance Company; and State Farm Fire & Casualty Company.  *See Reeg v. Fetzer*, 78 F.R.D. 34 (W.D. Okla. 1976)(applicable test on a motion to quash is whether requested matters for discovery are calculated to lead to admissible evidence.)

                              Respectfully Submitted,

                              **CATHCART & DOOLEY**

                              s/W.R. Cathcart
                              W. R. Cathcart, OBA #1566
                              2807 Classen Boulevard
                              Oklahoma City, Oklahoma  73106
                              Phone: 405-524-1110; Fax: 405-524-4143
                              bcathcart@cathcartdooley.com
                              Attorney for Defendant, Oklahoma Farm
                              Bureau Mutual Insurance Company

## CERTIFICATE OF MAILING

I hereby certify that on January 6, 2009,  I electronically transmitted the attached Notice of Removal to the Clerk of Court using the ECF System for filing and transmittal of a Notice of  Electronic Filing to the following ECF registrants:

H. Craig Pitts, OBA #16291
Kyle Buchanan, OBA #12587
Daniel G. Couch, OBA #12634
Rubenstein McCormick & Pitts, PLLC
1503 East 19th Street
Edmond, Oklahoma 73013
Phone: (405) 340-1900
Fax: (405) 340-1001
Attorneys for Plaintiffs                /s/ W.R. Cathcart
                                            W.R. Cathcart