# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DAVID NICHOLAS and KATHERINE A. )
NICHOLAS, individuals, )
 )
          Plaintiffs, )
 )
vs. ) Case No. CIV-09-10-M
 )
OKLAHOMA FARM BUREAU MUTUAL )
INSURANCE COMPANY, an Oklahoma )
corporation, )
 )
          Defendant. )

## **ORDER**

Before the Court is plaintiffs' Motion to Quash Defendant's Subpoena Duces Tecum and for Protective Order, filed February 3, 2010. On February 24, 2010, defendant filed its response.

I.    Background

This action arises out of a dispute over the entitlement to homeowners insurance proceeds. Plaintiffs bring this action against defendant for policy benefits, bad faith, and punitive damages arising from a loss which occurred on approximately July 2, 2007, when water leaked into the house from the roof as a result of wind and hail damage. Plaintiffs made a claim for damages to personal property in the structure and for additional living expenses. Defendant paid a portion of plaintiffs' claim.

Defendant has issued twelve subpoenas to various non-parties regarding services performed at the house, other insurance claims, and plaintiffs' claim for damages allegedly resulting from defendant's withdrawal of two claim payments that had been deposited by plaintiffs. These subpoenas can be divided into three groups for purposes of plaintiffs' motion: (1) subpoenas issued to contractors and movers who have performed services at the house; (2) subpoenas issued to

plaintiffs' mortgage company and banking institutions; and (3) subpoenas issued to insurance carriers. Plaintiffs move the Court to enter an order quashing these subpoenas and for a protective order. Plaintiffs assert the requested discovery far exceeds the scope of Federal Rule of Civil Procedure 26 as the subpoenas are overly broad, not reasonably calculated to lead to the discovery of admissible evidence, irrelevant to this lawsuit, and constitute harassment as they seek the disclosure of information that is confidential and private to plaintiffs.

II.     Discussion

Protective orders are governed by Federal Rule of Civil Procedure 26(c). That rule provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery; . . . .

Fed. R. Civ. P. 26(c)(1).

The party seeking a protective order must show "good cause" for his request. *Id.*; *Am. Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978). "'Good cause' within the meaning of Rule 26(c) contemplates a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Am. Benefit*, 87 F.R.D. at 543 (quoting *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

Further, Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

2

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

> A. Subpoenas issued to contractors and movers

Defendant has subpoenaed the following contractors and movers: Weather Barrier Roofing, Mel & Friends, Inc., Miles Music, Luckinbill, Inc., Emerick's Van & Storage, Butch Vickers, and King Transfer and Storage, Inc. These subpoenas seek records for services performed for or provided to plaintiffs and/or their three children at the house at issue in this case.[1] Only one subpoena provides a date restriction.

Plaintiffs concede that services related to the insurance loss at issue are relevant and discoverable; however, plaintiffs contend that to allow defendant access to records of any work that has ever been done on this property clearly transcends the permissible scope of Rule 26. Plaintiffs further state that they are agreeable to limiting the scope of these subpoenas to the date of loss and any time period thereafter, if the scope is also limited to work related to the insurance claim at issue. Plaintiffs assert that otherwise the work which may have been performed by these contractors and movers is completely irrelevant to the issues in this lawsuit and that these subpoenas should,

---

[1] Some of the subpoenas also include services performed for plaintiffs' public adjuster and Ted and Linda Orner, the named insureds on the policy at issue.

therefore, be quashed and/or limited in scope to the relevant time period and work related to this lawsuit.

Defendant states that the insurance policy at issue does not provide coverage for loss due to mold and/or mildew. Defendant contends that it seeks information from these contractors and movers that is relevant as to whether plaintiffs' loss was caused by mold and/or mildew and as to whether such mold and/or mildew was present in the house prior to the date of loss. Specifically, defendant contends that the information sought through these subpoenas may lead to the discovery of admissible evidence regarding the maintenance and condition of the house and the systems which affect climate control, together with plaintiffs' lack of interest or inability to maintain the house as an absentee.

Having carefully reviewed the parties' submissions, the Court finds the information sought through these subpoenas is relevant and/or is reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Court finds the maintenance and condition of the house and its contents and the systems which affect climate control prior to loss is relevant and bears directly on whether defendant owes plaintiffs additional benefits under the policy and whether defendant breached its duty of good faith and fair dealing. Accordingly, the Court finds that the subpoenas issued to the contractors and movers should not be quashed.

B.  Subpoenas issued to mortgage company and banks

Plaintiffs have claimed damages from the actions of defendant when it pulled tens of thousands of dollars defendant had previously paid from plaintiffs' bank account allegedly without notice or authorization. Plaintiffs claim the withdrawal of these funds caused them financial hardship by causing a series of other checks to be returned for insufficient funds and also placed

them behind on their mortgage payment for their Colorado home. Defendant has subpoenaed plaintiffs' bank records from JP Morgan Chase and Legacy Bank and plaintiffs' mortgage records related to their property in Colorado from G.M.A.C. Mortgage. These subpoenas limit their request in time to September 2007 through the present.

Plaintiffs assert that despite the temporal limitation, these subpoenas broadly seek information that is private and confidential to plaintiffs and should not be allowed. Plaintiffs state that they are willing to produce evidence of the damages they have testified to in order to support their claim, but the remaining discovery sought through these subpoenas do not fall into the category of "likely to lead to the discovery of admissible evidence." Plaintiffs assert that the remaining discovery is irrelevant and seeks information private and confidential to plaintiffs. Plaintiffs further assert that the subpoenas are aimed at the harassment and annoyance of plaintiffs, in addition to the exploitation of their private financial history. Plaintiffs, therefore, move to quash these subpoenas and for a protective order prohibiting defendant from seeking this information.

Defendant contends that it seeks to obtain plaintiffs' monthly bank statements from JP Morgan Chase and Legacy Bank to confirm the truth of Mr. Nicholas' testimony and to ascertain the extent of plaintiffs' damages, if any, as a result of the withdrawal of the two claim payments. Additionally, defendant contends that it seeks to obtain records pertaining to the history of plaintiffs' payments to G.M.A.C. Mortgage to see if they comport with Mr. Nicholas' testimony and to ascertain what damages, if any, may have resulted from the bounced checks. Defendant acknowledges that plaintiffs have a privacy interest in their personal financial records but that that interest does not preclude the discovery of relevant financial information.

5

Having carefully reviewed the parties' submissions, the Court finds that the information sought through these subpoenas is relevant and/or is reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Court finds that this information is directly relevant to plaintiffs' claim for damages as a result of defendant's withdrawal of the two claim payments. Although the Court recognizes the private and sensitive nature of plaintiffs' personal financial records, because plaintiffs have put these records at issue by claiming the above-referenced damages, the Court finds that these records must be produced. Accordingly, the Court finds that the subpoenas issued to the mortgage company and banks should not be quashed.

C.      Subpoenas issued to other insurance carriers

Defendant has subpoenaed two insurance carriers of plaintiffs: Chubb & Son Insurance Company, who was a prior insurer of the property at issue, and State Farm Fire & Casualty Company, who insures property of plaintiffs in Colorado. The subpoena to Chubb & Son Insurance Company requests all records pertaining to claims for storm damage to the property at issue. The subpoena to State Farm Fire and Casualty Company requests all records pertaining to claims for damage to plaintiffs' property in Colorado.

Plaintiffs assert that defendant already has access to whether or not any storm claims have been filed on the property at issue under any name through the ISO Claims Search Database, a nationwide database utilized by insurance companies to track claims history. Additionally, plaintiffs assert that any past claims made by plaintiffs cannot be relevant to whether defendant acted in bad faith and whether plaintiffs' claim was properly handled and adjusted. Plaintiffs further contend that the Colorado property has absolutely nothing to do with the claim at issue in this lawsuit.

6

Defendant contends that it seeks records from Chubb & Son Insurance Company to confirm that the roof on the house at issue was installed in 1998 or 1999 and to evaluate evidence relating to roof maintenance issues. While evidence regarding the replacement of the roof and roof maintenance issues may be relevant to the issues of this case, the subpoena defendant issued to Chubb & Son Insurance Company is not limited to claims or information relating to the roof. Accordingly, the Court finds that the subpoena issued to Chubb & Son Insurance Company is overly broad and should be quashed.

In relation to the subpoena to State Farm Fire & Casualty Company, defendant states that Mr. Nicholas has denied that he made a claim to State Farm for loss of the property that he has sought reimbursement for from defendant. Defendant asserts that it has issued the subpoena to State Farm Fire & Casualty Company seeking records that would either verify or refute Mr. Nicholas' testimony. Defendant contends that it is entitled to discover directly from State Farm whether or not plaintiffs made a duplicate claim for loss of property. While evidence regarding whether plaintiffs made a duplicate claim for loss of property may be relevant to the issues of this case, the subpoena defendant issued to State Farm Fire & Casualty Company is not limited in temporal scope to the loss at issue in this case. Accordingly, the Court finds that the subpoena issued to State Farm Fire & Casualty Company is overly broad and should be quashed.

III.  Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiffs' Motion to Quash Defendant's Subpoena Duces Tecum and for Protective Order [docket no. 41] as follows:

(A)  The Court GRANTS the motion to quash as to the subpoenas issued to Chubb & Son Insurance Company and State Farm Fire & Casualty Company and QUASHES the

subpoenas issued to Chubb & Son Insurance Company and State Farm Fire & Casualty Company, and

(B)     The Court DENIES the motion to quash as to the remaining subpoenas.

**IT IS SO ORDERED this 10th day of March, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE